**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| JOEL BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| SIMOS INSOURCING SOLUTIONS, LLC, TRUEBLUE, INC., and JIM OLIVEIRA | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL OF DEFENDANTS**
**SIMOS INSOURCING SOLUTIONS, LLC and TRUEBLUE, INC.**

Pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446, Defendant SIMOS Insourcing Solutions, LLC ("SIMOS") and Defendant TrueBlue, Inc. ("TrueBlue") remove this Action from the Bristol County, Massachusetts Superior Court to this Court. In support thereof, SIMOS and TrueBlue state:

**Background**

1. On or about March 10, 2023, Plaintiff Joel Brooks ("Plaintiff") filed a Complaint against SIMOS, TrueBlue, and Jim Oliveira ("Oliveira") in the Bristol County Superior Court, Civil Action No. 2373CV00161A (the "State Court Action"). See Exhibit A, Complaint.

2. In his Complaint in the State Court Action, Plaintiff alleges race/color/ethnicity discrimination, race/color/ethnicity harassment, and retaliation in violation of Mass. Gen. Laws c. 151B.

3. SIMOS was served with the Complaint and Summons on or about April 12, 2023.

4. TrueBlue was served with the Complaint and Summons on or about April 21, 2023.

1

5.      SIMOS and TrueBlue have not been made aware that service of the Complaint and Summons has been made or attempted on defendant Oliveira.

6.      Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of all process, pleadings, and orders served upon SIMOS and TrueBlue and filed in the State Court Action are attached as Exhibit B.

## Venue

7.      The United States District Court for the District of Massachusetts is the federal judicial district embracing the Bristol County Superior Court in Taunton, Massachusetts, where this action was originally filed. Therefore, pursuant to 28 U.S.C. § 101, 1441(a), assignment to the United States District Court for the District of Massachusetts is proper.

## Grounds for Jurisdiction

8.      Pursuant to 28 U.S.C. § 1332(a)(3), this Court has diversity jurisdiction because the Complaint is a civil action between citizens of different States, where a citizen of a foreign state is an additional party, with more than $75,000.00 in controversy, exclusive of interest and costs.

9.      Plaintiff alleges that he is a resident of Massachusetts.  See Compl., ¶1.

10.     Defendant SIMOS Insourcing Solutions, LLC is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in Tacoma, Washington.

11.     The sole member and owner of SIMOS is TrueBlue Services, Inc., a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Tacoma, Washington.

12.     Thus, SIMOS is a citizen of Delaware and Washington.  See 28 U.S.C. § 1332(c)(1).

2

13.     Defendant TrueBlue, Inc. is a corporation organized and existing under the laws of the State of Washington and maintains its principal place of business in Tacoma, Washington. Thus, TrueBlue is a citizen of Washington.  See 28 U.S.C. § 1332(c)(1).

14.     Defendant Jim Oliveira is an individual whose last known place of residence, according to records maintained by SIMOS in the ordinary course of its business, is Luskville, Quebec, Canada. SIMOS records indicate that Oliveira produced a Canadian Social Insurance Number (SIN) in connection with his employment. Therefore, SIMOS and TrueBlue are informed and believe that Oliveira is a citizen of Canada who is not domiciled in the United States.

15.     Plaintiff claims damages in the amount of $170,000.00, inclusive of past lost wages, future lost wages, emotional distress, punitive damages, and attorneys' fees. *See* Exhibit B, Civil Action Cover Sheet. Therefore, there is a reasonable probability that the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.  See Boyle v. Boyle, No. 22-cv-40151-ADB, 2023 WL 2868672, at *1 (D. Mass. Apr. 10, 2023) ("in order to determine the amount in controversy, courts have looked to the civil cover sheet where there is no express demand for damages within the complaint").

## Notice of Removal is Timely

16.     SIMOS was served with the Complaint on April 12, 2023, and TrueBlue was served with the Complaint on April 21, 2023. SIMOS and TrueBlue have filed this Notice of Removal within thirty (30) days of service of the Complaint on SIMOS and, therefore, it is timely pursuant to 28 U.S.C. § 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (period for removal under 28 U.S.C. § 1446(b) begins to run only after a defendant is brought under the court's authority by service of process).

**Notice to State Court**

17.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, with the Clerk of the Bristol County Superior Court and will serve the same on Plaintiff.

WHEREFORE, Defendants hereby remove the State Court Action to this Court's jurisdiction.

Dated: May 10, 2023                    Respectfully submitted,

                                       SIMOS INSOURCING SOLUTIONS, LLC, and
                                       TRUEBLUE, INC.,

                                       By their counsel,

                                       */s/ Jonathan D. Persky*
                                       Jonathan D. Persky (BBO #666651)
                                        *jpersky@constangy.com*
                                       CONSTANGY, BROOKS, SMITH & PROPHETE LLP
                                       535 Boylston Street, Suite 902
                                       Boston, MA 02116
                                       Telephone: 617.849.7880
                                       Facsimile: 617.849.7870

**CERTIFICATE OF SERVICE**

I, Jonathan D. Persky, hereby certify that, on May 10, 2023, a true and correct copy of the foregoing document was electronically filed through the Court's CM/ECF system and was served upon counsel of record for the Plaintiff via electronic mail.

                                       */s/ Jonathan D. Persky*

4